HENDRY, Judge.
Appellant seeks review of his convictions for grand larceny and for breaking and entering a dwelling.
*101 We have considered the record, briefs and arguments of counsel in light of the controlling principles of law and have concluded that no reversible error has been demonstrated as to appellant’s conviction for grand larceny. Thus, as to that conviction we affirm.
However, the appellant has noted, and the state has conceded, that insufficient evidence appears of record to sustain a conviction for breaking and entering. Thus, pursuant to § 924.34, Fla.Stat., F.S. A.,[1] we reverse the conviction as to breaking and entering and direct the trial court to enter judgment for the offense of entering without breaking, pursuant to § 810.03, Fla.Stat., F.S.A.
Affirmed in part, reversed in part.

. Fla.Stat., § 924.34, F.S.A., provides:
“When evidence sustains only conviction of lesser offense. — When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish 1ns guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lessor degree of the offense or for the lesser included offense.”